# Supreme Court of Florida

_____

No. SC21-1542

_____

## IN RE:  TRIAL COURT CERTIFICATION OF NEED FOR ADDITIONAL JUDGES.

November 24, 2021

PER CURIAM.

This opinion fulfills our constitutional obligation to determine the State's need for additional judges in fiscal year 2022/2023 and to certify our "findings and recommendations concerning such need" to the Florida Legislature.[1]  Certification is "the sole

_____

1.  Article V, section 9 of the Florida Constitution provides in pertinent part:

> **Determination of number of judges.—**The supreme court shall establish by rule uniform criteria for the determination of the need for additional judges except supreme court justices, the necessity for decreasing the number of judges and for increasing, decreasing or redefining appellate districts and judicial circuits.  If the supreme court finds that a need exists for increasing or decreasing the number of judges or increasing, decreasing or redefining appellate districts and judicial circuits, it shall, prior to the next regular session of the

mechanism established by our constitution for a systematic and uniform assessment of this need." *In re Certification of Need for Additional Judges*, 889 So. 2d 734, 735 (Fla. 2004).

In this opinion we certify the need for one additional county court judgeship in Lake County and no additional circuit court judeships. We decertify no county or circuit judgeships. The Court addresses certification of need for additional appellate judges in a separate opinion.[2]

To make this decision on trial court certification, the Court continues to use a verified objective weighted caseload methodology as a primary basis for assessing judicial need.[3] The objective data are supplemented by judgeship requests submitted by the trial courts, including descriptions of the impact of various secondary

---

legislature, certify to the legislature its findings and recommendations concerning such need.

2. *See In re Redefinition of Appellate Districts and Certification of Need for Additional Appellate Judges*, No. SC21-1543 (Fla. Nov. 24, 2021).

3. Our certification methodology relies primarily on case weights and calculations of available judge time to determine the need for additional trial court judges. *See* Fla. R. Gen. Prac. & Jud. Admin. 2.240.

factors. These secondary factors reflect local differences identified by each chief judge in support of their requests for more judgeships or in support of their requests for this Court not to decertify judgeships in situations where the objective case weights alone would indicate excess judicial capacity. Applying the criteria in this two-step methodology, we conclude that Lake County has a demonstrable need for an additional county court judgeship.

Considered in isolation, the two-step analysis also suggested the decertification of two county court judgeships in Brevard County and one county court judgeship each in Alachua, Citrus, Collier, and Monroe counties. However, similar to our certification opinion for fiscal year 2021/2022 and as further explained below, this Court has determined that the significant workload and operational challenges and the uncertainty facing the trial courts weigh against decertification of any trial court judgeships at this time.

Specifically, the effect of the Coronavirus Disease 2019 (COVID-19) pandemic on the circuit and county courts has been significant. Over the course of the last year and a half, trial courts have adapted court operations in response to the COVID-19

pandemic to keep courts open and continue to provide for the resolution of disputes. Despite the trial courts' efforts to leverage remote appearance technology and employ innovative solutions to hear cases, an increase in pending workload is currently affecting the courts as they resume normal operations. The additional caseload is attributed to: proceedings in cases that existed before the pandemic which necessarily were suspended or delayed to protect public health and safety, proceedings in cases filed during the pandemic that are pending, and cases that were anticipated to be filed but that were delayed in being filed due to the onset of the pandemic. Upon recommendation of the Trial Court Budget Commission, the State Courts System's fiscal year 2022/2023 legislative budget request identifies the continued need for temporary adjudicatory and case support resources to address this workload, such as senior judges, magistrates, law clerks, and case managers. The court system is committed to addressing this pandemic-generated workload expeditiously and is grateful to the Legislature for appropriating, and to the Governor for approving, significant temporary funding in fiscal year 2021/2022 for the first year of the trial courts' multi-year pandemic recovery plan. In the

face of this workload, all existing judicial resources will be needed to contribute to the pandemic-recovery effort.

The monetary jurisdiction change in county court is an additional issue limiting this Court's ability to accurately project judicial need. Chapter 2019-58, section 9, Laws of Florida, increased the dollar amount threshold for the jurisdiction of the county court. The Legislature took a phased approach to the implementation of this statutory revision. Effective January 1, 2020, county court monetary jurisdiction increased from an upper limit of $15,000 to $30,000, and it is scheduled for a second increase to $50,000 on January 1, 2023. The initial jurisdictional increase in county court increased the workload in the county courts. This initial jurisdictional change, however, largely coincided with the onset of the COVID-19 pandemic, and it is not yet possible to determine precisely how this statutory revision will affect workload among the tiers of court. The impending county court jurisdictional increase to $50,000 is expected to significantly increase the number of cases heard in county court.

An additional consideration is the long-term impact of chapter 2020-61, sections 3 and 8, Laws of Florida, which transferred

circuit court authority to hear appeals from county court final orders and judgments in criminal misdemeanor cases and most civil cases to the district courts of appeal, effective January 1, 2021. The circuit courts continue to have limited appellate jurisdiction for certain administrative decisions and certain county court decisions entered in noncriminal infraction and other cases. These changes have also affected the distribution of judicial workload between the circuit and appellate courts. However, due to the uncertainty surrounding trial and appellate court filings as a result of the pandemic, it is difficult to determine the ultimate result of this legislative change, as well.

Further, this Court is mindful of the need to update the current judicial workload assessment. Since 1999, this Court has relied on the weighted caseload method to help determine the need for judges in each circuit and county court. Over time, changes in statutory and case law, court rules, technology, and legal practice can affect the amount of judicial work associated with resolving various types of cases. For this reason, the Florida Rules of General Practice and Judicial Administration call for the review of the weighted caseload model and the consideration of adjustments to

that model no less than every five years.  To have multi-year utility, however, such an assessment, which entails investment of considerable time by judges and staff as well as considerable expense, should not be conducted in a significantly anomalous environment affecting the number of filings or the typical time to dispose of a case.  Therefore, in light of the pandemic's ongoing operational impacts and the uncertainty about the full effect of recent statutory changes, the court system delayed initiation of the judicial workload assessment.  This Court is considering initiating an update to the judicial workload assessment in the near future.

Having conducted a quantitative assessment of trial court judicial workload and having also considered various qualitative factors, workload trends related to the COVID-19 pandemic, and jurisdictional changes, we certify the need for one additional county court judgeship in Florida, as set forth in the appendix to this opinion.  We also recommend no decertification of circuit court or county court judgeships.

The current complement of trial court judgeships, along with other resources requested through a legislative budget request for fiscal year 2022/2023, will assist the judicial branch in meeting

demands associated with the pandemic-generated workload and court jurisdictional changes.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

Original Proceeding – Trial Court Certification of Need for Additional Judges

## APPENDIX
## Trial Court Need

| Circuit | Circuit Court Certified Judges | County | County Court Certified Judges |
|---|---|---|---|
| 1 | 0 | N/A | 0 |
| 2 | 0 | N/A | 0 |
| 3 | 0 | N/A | 0 |
| 4 | 0 | N/A | 0 |
| 5 | 0 | Lake | 1 |
| 6 | 0 | N/A | 0 |
| 7 | 0 | N/A | 0 |
| 8 | 0 | N/A | 0 |
| 9 | 0 | N/A | 0 |
| 10 | 0 | N/A | 0 |
| 11 | 0 | N/A | 0 |
| 12 | 0 | N/A | 0 |
| 13 | 0 | N/A | 0 |
| 14 | 0 | N/A | 0 |
| 15 | 0 | N/A | 0 |
| 16 | 0 | N/A | 0 |
| 17 | 0 | N/A | 0 |
| 18 | 0 | N/A | 0 |
| 19 | 0 | N/A | 0 |
| 20 | 0 | N/A | 0 |
| **Total** | **0** | **Total** | **1** |